Case number 19-1206, Natalie Qandah v. Johor Corporation et al. Oral argument not to exceed 15 minutes per side. Natalie Qandah, you may proceed. Good morning. Good morning, Your Honors. May it please the Court, Natalie Qandah appearing on behalf of myself as appellant. It is both an honor and privilege to appear before this Court for the first time. Your Honors, I would like to request two minutes for rebuttal. Sure. Thank you. This case involves the District Courts granting appellees renewed motion to dismiss based upon the Foreign Sovereign Immunity Act. The gravamen of this suit is that the Malaysian appellees, Johor Corporation, and its CEO, Kasim, intentionally marketed jobs to U.S. citizens to work in the U.S. pre-employment and induced those citizens into a contract with the bogus equity package through a sham Swiss entity for the sole purpose of avoiding accountability in the United States. I'd like to simplify the issues before the Court today as follows. Critical evidence that the District Court did not weigh or even consider. The appellees and the District Court's determination that Kasim, an individual, was entitled to immunity under the Foreign Sovereign Immunity Act in direct contravention of the U.S. Supreme Court in Salman Tarr v. Yusuf. The District Court's conclusion that Johor Corporation engaged in performing governmental functions, which not even Johor Corporation or its CEO contend. And that the commercial activities exception and the tort exception apply, preventing Johor Corporation from availing itself of foreign sovereign immunity. The District Court did not consider critical evidence before it. Specifically, the affidavit of Steve Zermay, a neutral, non-party witness with first-hand knowledge of the allegations in appellant's complaint. The affidavit wasn't even mentioned. As this Court has made clear in O'Brien v. Holy See, either the District Court must review the jurisdictional challenge as a facial attack in which the averments must be accepted as true, or as a factual attack in which the District Court must weigh the evidence before it. Because the District Court did not accept as true complainant's allegations and did not weigh or even consider the affidavit of Steve Zermay, a critical piece of evidence or other evidence before it, the District Court erred. This was a factual attack and factual consideration? That is what the District Court contended, but that's not what was articulated by Johor. You don't agree that it should have done that then? No, I don't, Your Honor. But the Johor Corporation can't have its cake and eat it too. It can't say, don't accept the allegations in the complaint as true and also don't consider all the evidence before the Court. We would review. I agree that the Court didn't make a lot of factual findings, but in a factual attack we would review for clear error, for example, the connection between the entities that you sued and the entities that hired you and whether one was an agent of the other. I know that the District Court basically kind of concluded that they weren't agents, but wouldn't that, if we're in factual analysis, be a factual finding subject to clear error review? And so we could look at the evidence that you cite, the affidavit, but then look at the other evidence that's in the record in determining whether there was a clear error in the finding? That's a very good question, Your Honor, and that is what my opposing counsel contends is the standard of review. However, issues involving foreign sovereign immunity are subject to de novo review. And interestingly enough, the cases cited by opposing counsel are not involving the Foreign Sovereign Immunity Act. They involve federal tort claims. Aren't those facts? I mean, the connection between two entities at bottom, isn't that a factual question? And then whether or not there is a connection? I mean, we would, of course, it's de novo review for the meaning of the words of the FSIA, but the relationship between Joe Hoare and the other entities strikes me as just subject to clear error review. Your Honor, I would then submit, if that is what the Court is going to undertake, that because not all the evidence was considered, that clear error was committed. That in order for the District Court to make that the factual finding, that they have to consider all the evidence. And clearly... Can we assume that they implicitly considered it? Is there a case that you have where it's like almost a procedural error that they, because the District Court's opinion did not expressly cite the affidavit, we assume that the District Court didn't consider the affidavit? I thought there's kind of a presumption of regularity with respect to District Courts, and we assume that they considered all the evidence, even if they don't cite the evidence. If the District Court is going to undertake a factual finding, it must discuss and weigh the evidence before it. And it wasn't just the affidavit of Steve Zermay that was not taken into account. It was multiple different pieces of evidence that the Court also did not mention, or weigh in its opinion, including photographs of Kassim and other Johor Corporation employees who required U.S. employees to travel to Malaysia to obtain employee training on boarding and orientation, who were then sent back into the United States to perform these commercial activities for and on behalf of Johor Corporation. So I would submit that there's so much evidence that was not weighed or considered that it was critical, and because they're all critical and dispositive, truly, of the issues in the case, that it was incumbent upon the District Court to actually show that it considered and weighed those pieces of evidence. We don't know if the District Court considered the Steve Zermay affidavit or not. It just did not make reference to it. But how would that affidavit have made a difference here in terms of the fact-finding and the ultimate conclusion that the District Court reached? I know that the affidavit sets forth Steve Zermay's belief that J-Corps controlled these other entities, and could you address that? Mr. Zermay worked in the capacity of a financial officer with the organization, and he was one of the individuals that was required to travel from the United States to Malaysia to receive this training and orientation from Kasim, the CEO of Johor Corporation, and then went back to the United States. He also had day-to-day interaction with Johor Corporation and received direction, management, and other information from Malaysia in regards to the commercial activities that were undertaken in the United States for and on behalf of Johor Corporation. And because Appellant, myself, was not required to travel because I was part of the second wave of U.S. employees, we relied on second-hand information, notwithstanding the fact that I, myself, had direct communication with Johor Corporation. But Steve Zermay was part of the initial wave of U.S. employees who had that direct, initial contact with Johor Corporation. And his affidavit clearly corroborates Plaintiff's entire case. So the appellees summarily declared that Kasim is an individual and he could avail himself of immunity under the Foreign Sovereign Immunity Act when the U.S. Supreme Court held in Samantar that individuals cannot obtain immunity from that case. How do you respond? I think the reason immunity applied is because the district court found that you essentially sued him in his official capacity and that somehow made a difference. But how does that play into, does Samantar leave room for that type of analysis under your view? That's an excellent question, Your Honor. And Samantar does leave room for the question of individual immunity and whether they should be entitled to that. In this particular case, the complaint makes allegations of Kasim operating as CEO of Johor Corporation. However, insofar as the appellees filed an affidavit from the corporate secretary indicating that she didn't know anything about Johor Corporation's activities in the United States, there's a question of fact that exists as to whether Kasim as CEO of Johor Corporation was properly making Johor Corporation aware of their activities in the United States. So there's an issue of fact related to that. And the entire purpose of the Foreign Sovereign Immunity Act is not to preclude people from seeking redress. In fact, it's specifically narrowly tailored to officials acting in their governmental capacity and engaging in a governmental function. There is no allegation whatsoever by Johor Corporation or Kasim that they were engaged in governmental function. In fact, I think the district court opinion goes so far as to say that they were in fact engaged in a governmental function based upon the very language of the 1995 legislative enactment creating Johor Corporation without any reference to what Johor Corporation was doing the last 25 years since that legislative enactment. But what relief are you asking from this court? Your Honor, I'm requesting that Your Honor declare that the defendant appellees are not entitled to immunity under the Foreign Sovereign Immunity Act and that there is jurisdiction over Apli Kasim as well. That's what my first request. My alternative request... What we would do is ordinarily you send it back to the district court to make that finding, right? Well, Your Honor, I think there's enough evidence here to establish that Johor Corporation is a purely private company engaged in commercial activity. They are a global organization operating all over the world, including in the United States, and this elaborate entity scheme was designed to avoid accountability in the United States. You're not saying that the district court made a mistake in mixing up the burden of persuasion or the burden of production. You're just saying that there's no proof on behalf of the defendants to show this. Your Honor, I believe the shifting of the burden is an important point, and I think that the initial burden is on Johor Corporation to establish that it's entitled to immunity, but that presupposes that they're engaged in governmental activities, and they're not. If Johor Corporation is able to establish that they're entitled to the immunity, then it shifts back to appellant to see whether one of the exceptions applies. The initial burden, is that one of production as opposed to... When it shifts back, that's the burden of persuasion? How would you characterize that? How would I characterize that? I believe that it's the burden of production initially on the defendants, and then it's the burden of persuasion on the remaining shifting burden. It shifts to the plaintiff and then back to the defendants to show that one of the exceptions does not apply by a preponderance. The district court conflated the two or did not make an appropriate distinction? I believe that there was a conflation, and there's a conflation of issues not just on the shifting of burdens, but also a conflation of issues relating to agency theory and alter ego. There was a conflation of those issues. There was also a conflation as to whether Johor Corporation was truly engaged in governmental functions or activities. And it's important to note, I think, that Johor Corporation was never itself claiming that they were involved in governmental activities. In fact, their only argument was that they weren't operating in the U.S. and that they didn't have privity of an employment contract with appellant. Both of those arguments fail. And the reason why both those arguments fail is because they were operating in the United States, requiring U.S. employees to travel to Malaysia, get training and orientation and then travel back to the U.S. and then correspond with them. In fact, your honors, appellant received work directly from Malaysia, Johor Corporation, on a number of occasions. Work that was performed is referenced on Johor Corporation's website as part of their corporate structure. The distinction that they're trying to make is that, oh, we have a piece of paper saying that they're distinct entities. Well, it's how they behave. It's not just what the piece of paper says. It's not just what the 1995 legislative enactment says. It's what the behavior that governs the true relationship with the parties. Thank you, Ms. Kanda. Your initial time has expired. Thank you. You have your rebuttal time. Thank you, your honors. Good morning and thank you. May it please the court. Ben Jeffers on behalf of Defendant Sapolis. I'd like to start with a big-picture point. I think the district court's work here is not only defensible and should be affirmed. It's really commendable, given what a district court is supposed to do in a situation like this. The district court, through Judge Leland, recognized that it's the district court's obligation at the outset of a case to assess its own subject matter jurisdiction. The district court has that obligation to do that. Issues of fact don't go to juries or fact finders, even in the case of a trial court judge. The judge must do this in the first instance. And Judge Cleland here was careful. He sua sponte directed, after we filed our motion to dismiss, he sua sponte directed that discovery be taken because he had some questions. He wanted to create a record. And it was an extensive record that he asked for. So it seems to me that you're correct, that there should be deferential review to fact findings, but he did overlook a pretty significant affidavit that made pretty serious allegations about the connection between these agencies. So how would you respond to that affidavit, please? Thank you, Judge. I frankly don't accept that he didn't consider it. He didn't reference it in his written opinion, but your question was dead on. There is no principle of law or case that I'm aware of that says if a court doesn't specifically itemize every document or piece of paper or affidavit in their opinion, that we must assume they didn't consider it. Just the opposite. When you look at this process here, it was extraordinary. There was the discovery period. There were multiple status conferences, including on the record. We had a very detailed motion to compel process with a written motion to compel opinion. There was extensive briefing put into the court, and in the court's opinion, granting our renewed motion to dismiss, the court says, I've reviewed the briefing. That affidavit was attached to the briefing. I think we must assume he did review it. He was granular in his citations to the record, both in the motion to compel opinion and in the motion to dismiss opinion. There is no question that he got in the weeds here, and he was entitled to do that. He was entitled to The burdens here of persuasion and production? Correct. So under the Foreign Sovereign Immunities Act, the initial burden is on the defendant to establish that the act applies, that they are considered foreign states, and we've done that in spades based upon record evidence. Then the burden shifts, and then there's a presumption of immunity, and holding onto that presumption is important. The burden shifts to the plaintiff to establish that an exception to that immunity applies. So it does, the burden moves. I guess the question is, is it two separate burdens? Is it a burden of production and a burden of persuasion, or are you saying they're one and the same here? Well, I guess I'm just reflecting upon the words that the courts have used, which is it's the defendant's burden in the first instance to establish immunity, plaintiff's burden to establish an exception. I suppose if there's an overall burden of persuasion on the defendant throughout, I've seen that as well. But I think I don't want to let semantics get in the way. I want to be clear that it was our burden to establish that the act applied as to Joe Hoard, and we did that, and the burden was on the plaintiff to establish an exception. And Judge Cleland found that she did not. So he was very patient. He was very critical in this process, too. He asked for additional information. He did what he was supposed to do. He did not simply rely on assumptions or assertions. He got in the weeds and many times, quite frankly, looked at some of the assertions made by plaintiff and noted it didn't necessarily track with the record evidence that the plaintiff indicated. So we clearly have a case of a factual attack where the court was entitled to consider the evidence, was thoughtful, did so over a long period of time, two written opinions that both relate. And, in fact, Judge, I just want to note one other thing before I move on. There's case law under the Global Tech case, the Sixth Circuit case that we've cited, that it can be air for a district court judge not to resolve facts. And this is an important distinction. The district court's role is not just to consider facts, or they're not just empowered to consider facts. They're empowered to resolve factual disputes. The statute in the case law and subject matter jurisdiction jurisprudence overall presupposes that there may be factual disputes that need to be resolved. And that's where a district court judge is uniquely powered in the instance of a subject matter jurisdiction to resolve facts. For example, in the Tulliver v. Nigeria case, 128F Appendix 469, Sixth Circuit, 2005, there were conflicting affidavits about whether a contract had been entered. And a court was allowed to resolve it. And this is tethered right in FIJA itself. Just to show the logic of this, 28 U.S.C. 1608E is a provision of FIJA that talks about entering a default judgment. Obviously, we don't have that situation here. But if you sue a foreign state, they don't appear. And a plaintiff goes before the court and says, I want a default judgment entered. 1608E actually says that a district court must determine if the claimant has established, by evidence, satisfactory to the court. So imagine that. You've got only the plaintiff in the courtroom. And even under those circumstances, a district court need not just accept as true what they're being told. They must satisfy themselves. So it's unfathomable that in an instance where the defendant does appear and does show up and does contest the facts, that a court must just accept as true what the plaintiff is saying. And this matters, of course, because, as your honors well know, of the burden. We are dealing with a clearly erroneous standard for the factual determinations as to whether Johor is a foreign state. We are dealing with a factual, clearly erroneous standard as to whether or not all these disparate corporations all collapse as plaintiff claims. So setting aside the fact that the district court found that the entities are separate, don't you think there should be some situations in which a foreign state so controls an entity acting in the United States that it can be considered an act of the foreign state? And I'm curious what your view is, just generically, on what the law should be in determining whether an entity's actions in here are actions of the foreign state. Do you think it should be like common corporate principles of piercing the corporate veil? If it's a parent company issue, I know that's not kind of here, it's the roundabout way, but where do you think it should be other type of principal agent principles? I wonder if you could just speak to that briefly. Sure, sure. The case law that we found and supplied to the court in the FIJA context borrows from the piercing the corporate veil analysis. So the common law analysis in courts start, obviously, with a presumption that corporations are separate, and then they look for indicia of ownership and control, essentially to try to determine are these one and the same for purposes of the particular analysis. So it is the case that courts borrow from that analysis, including with the presumptions of corporate separateness that are built into it in doing the FIJA analysis. I mean here your point is that it's not even a parent subsidiary relationship. It's a very convoluted relationship, I would say, from looking at the record. But do you think there are circumstances even outside the context of a parent corporation and a subsidiary in which we could just find as a factual matter that a foreign government is so interfering in the acts of a corporation or controlling the acts of a corporation that it should be considered acts of the foreign country, even though there's no parent-subsidiary relationship? Is it possible? Certainly. And it is fact-dependent. But, right, I'm not suggesting that there's a per se ban under derivative law theory analysis that would preclude any option for that. But the courts are very clear that you start with ownership. And we haven't even gotten past first base because there's no ownership, let alone day-to-day control. It seems like the courts, just from my review of the courts of appeals decisions, that they're all over the map. There's a lot of confusion in the law as far as I could tell on when this type of fail-piercing or whatever you want to call it should occur. I guess I'm a little worried about making law for future cases. What would you think is the narrowest principle on resolving this case, just finding that there was no clear error across the board? I wonder if you could pine on that a little bit. Yes, two parts. Yes, the narrowest basis to affirm is to recognize that the court was entitled to make factual findings. There is no presumption that a court excluded evidence merely by not listing it in its opinion, number two. Number three, there has been no serious argument that the court misapplied the facts as he found them to the law. I think as a tether to the derivative analysis piece, I would identify for the court the Anwar case, which is a recent Sixth Circuit case talking about parent-subsidiary relationships. That is not a FISA case. But that is a Sixth Circuit case that talks about how this analysis should work. And we've got other case law that squarely says you apply that analysis in a FISA situation. And why wouldn't you? Because the concept of whether or not you pierce a corporate veil isn't a FISA concept or construct. That's a bedrock principle of how we view corporations and their relationships in this country. Have I answered your question, Judge? Is that helpful? Okay. So I'll move on to just a couple other points. Because we talked about some of the disparate pieces of evidence that plaintiffs said, well, I wish this had been considered. There's another really fundamental point here that is FISA-related that I think can anchor your review of all of this. And it's right in the statute. So she's arguing under the commercial exception statute and the tort exception, which also doesn't apply. The lawsuit itself, the claims in the lawsuit, must be based on the commercial activity that the plaintiff is relying on to establish jurisdiction. It's got to be one and the same. There's a textual component of that right in the statute. And then the case law picks that up. Multiple cases cite that principle. What does that mean? That means if you were to find hypothetically that a foreign entity owned a piece of property in Southern California, they have some connection to the United States. And then you've got an employment dispute here in Dearborn, Michigan. You can't use the ownership of a piece of property in Southern California as your link to establish an exception to FISA jurisdiction over here. Your lawsuit must be based upon the commercial activity that forms the exception to immunity itself. We don't have that in this case. When you think through these items, the Zermai affidavit, there's nothing in the Zermai affidavit that talks about any connection to Miss Kenda, to the hiring decision. Did the district court mention this in the opinion? The district court did not mention the Zermai affidavit, Your Honor, in its written opinion. There was a question from the bench about would that have mattered. And I guess I'm indirectly answering that question as well, which is no. Did the district court say that the burden of persuasion was always upon your client? That's what the Holy See case says and that you've cited that numerous times. You know, I'm not, I'm looking at the judge's opinion. I don't recall whether he talked about burden of persuasion throughout, but I'm certainly familiar with that point in the Holy See case. That's what the law is, that your client had the burden of persuasion throughout. Once the plaintiff came forward to show at least a production of one of the exceptions to FISA jurisdiction. Right. That's what the law is, right? So I think that's right, Your Honor, but I think that the plaintiff's burden is not merely to identify an exception. They've got to show the exception applies and the district court and the courts do drill into that and look at whether or not plaintiffs have met their burden on identifying and creating a record. And the court here explicitly or implicitly felt there was just not a record to establish that Johor Corporation was engaged in commercial activity. You said that there was no connection between the commercial relationship and the land. Why wouldn't we say it really comes down to whether the people who were overseeing the plaintiff on a day-to-day basis, Captain and Bird, whether they were agents of Johor. I know that the clear error analysis, they aren't agents of Johor, according to the district court. But if we find that to be clearly erroneous, wouldn't that suggest that there were actions by Johor through those individuals? And it would relate to, I mean, that's her entire claim is based on their allegedly discriminatory actions. Right. There's just no record to support that, Your Honor. There are no facts to support that there was actually a direction given that they were even involved, that they even knew about her claim until after she left the company. There's just no record upon which you could ever find that here. Looks like my time is out. Thank you, Your Honor. Your Honor, thank you for the opportunity to refute some of the comments. And I know my time is limited here, so I'm going to try to go through as quickly as possible. The commercial activity that's related to the case and Johor, the nexus, is that Johor Corporation wants to exert Islamic global dominance in the area of e-logistics all over the world. And to the extent that they wanted to accomplish that, they decided to hire U.S. employees. Appellant was terminated approximately two weeks after she refused to convert to Islam. That's the connection. I thought it was clear, but perhaps not. The discovery period that took place in the lower court was exhaustively long because the defendants refused to produce the discovery. They did not comply with the court-ordered discovery. Piercing the corporate veil is not necessary in this case, and I think that the defendants are conflating the issues. There's no need to pierce the corporate veil. In fact, I think that what's clear from the record is that all facts were not taken into consideration and weighed. And this is evident by the fact that the defendants themselves got it wrong. They said Kazeem's entitled to immunity under Samantar. And in recognizing that error, they filed a notice of supplemental authority and were permitted additional briefing opportunities that appellant was not afforded, and then also not afforded oral argument to perhaps flesh out and discuss any issues that the district court may have had. The district court issued its opinion, I believe approximately a year after the last brief submission. And so it's clear to me that there was not an evaluation, nor was there equal opportunity for briefing. I think you said your primary argument was that we, this court decides your case really on the merits, but sort of as a secondary argument, I think you were leading to the proposition that if we were, that we would remand the matter to the district court. And I'm wondering, what do you think specifically the district court needs to consider on remand per your argument? Great question, Your Honor. Thank you. I think that the district court needs to consider all the evidence before it. The affidavit of Steve Zermay. If the defendants didn't think that that was a dispositive or important affidavit, they wouldn't have attempted to reach out to this gentleman after he issued that and after that was filed with the court. I think also important is the court's determination about immunity for the individual. He's not entitled to it statutorily, so common law. And that's an issue, as Judge Murphy pointed out, that's an important issue that has to be fleshed out. And because Johor Corporation was not engaged in governmental functions, governmental activities, and the district court specifically referenced that they were engaged in governmental activities, which was not even referenced by Johor Corporation, I think with due respect, the district court got it wrong. And I think that those issues should be reversed and remanded for further discussion. I also think that... Yes, Your Honor. Correct, Your Honor. Improper legal conclusions and improper application of the facts to the law. And assuming that Johor Corporation is entitled to FISIA immunity, they are not, because they fall squarely within the commercial exceptions. The letter from Johor Corporation in March of 2012 that the district court found did not say what I claimed that it said, is due to just a fundamental misunderstanding of these issues. The entity creation, these 13 entities that were created, Appellant didn't create those entities, Johor Corporation created those entities. And the letter says Johor Corporation. It doesn't say the state of Johor, the state of Malaysia, it says Johor Corporation. And everyone within the organization knew that that letter was a directive to his agents, where are my U.S. employees? When they found out, U.S. employees and only U.S. employees were hired. Thank you.